Cheshire,
June 3, 1913.

## FRED J. CUMMINGS v. KEENE ICE CO.

One who claims a right of flowage created by deed and seeks to restrain an inter-
ference therewith by an upper proprietor is bound to show that he is entitled
to such relief by competent evidence establishing the existence and extent of
the alleged easement.

BILL IN EQUITY, for an injunction to restrain the defendants
from interfering with a dam which causes the water of a stream to
flow back upon their land. Trial by the court. The plaintiff
claimed a right of flowage by virtue of a deed in his chain of title,
dated May 10, 1819. The court found that the plaintiff's prede-
cessors in title abandoned the easement thus created and that the
same was long ago extinguished. To this finding the plaintiff ex-
cepted. Transferred from the April term, 1912, of the superior
court by *Chamberlin,* J.

*Benton & Pickard (Mr. Benton* orally), for the plaintiff.

*Orville E. Cain,* for the defendants.

WALKER, J. The plaintiff claims the right to flow the defend-
ant's land by virtue of an easement created by a deed dated in 1819,
which is in his chain of title. He asks for an injunction to restrain
the defendant from interfering with his dam, which causes the water
of the stream to flow back upon the defendant's land. The burden
is on the plaintiff to prove his right to the relief sought, by compe-
tent evidence establishing the existence of the easement to flow the
defendant's land. While his original grantor, in a deed conveying
the land now owned by the defendant, reserved "the right forever
of flowing said lands by a dam across the brook at said mill," and
while his deed conveying the land now owned by the plaintiff granted
"the privilege of flowing the waters as high as necessary," the plain-
tiff has not proved what his easement right in fact is, or that the
"privilege" or right granted in his chain of title justifies him in
flowing the defendant's land as it is now flowed by his present dam.

The superior court found that the reserved right to flow the land
was "for the use of a mill" that once stood on the land now owned
by the plaintiff, but was unable to find what kind of a mill it was,
for what purpose it was used, the height of the dam, or whether it

was ever necessary to flow the defendant's land, or whether it was ever flowed, before the plaintiff erected his dam in 1910. In the absence of any finding of the extent of the alleged easement, determined either by the height of the original dam, or by the actual flowage caused by the usual operation of the old mill, or by the reasonable necessities of its operation in 1819, or by other competent evidence, it is impossible to hold that the plaintiff has established his right to flow the defendant's land by means of his modern dam. If he has that right, he has not proved it. His right, if any, is not unlimited, and he has not shown that he has not exceeded his right.

If, as seems probable from the reserved case, the court cannot find what the easement was that was reserved in the deed of 1819, judgment should be rendered for the defendant. Until that fact is found, it is not useful to consider the question of abandonment.

*Case discharged.*

The others concurred.

––––––––

### MEMORANDUM.

Mr. Justice BINGHAM resigned his office on the ninth day of June, 1913, the resignation taking effect on the eleventh day of June, 1913.